## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**WILLIE EASLEY**                                                                            **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:07-cv-71-KS-MTP**

**LEAKE COUNTY, MISSISSIPPI, et al.**                                       **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This cause comes before this court *sua sponte* for consideration of dismissal.  On July 20, 2007, an order was entered denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a)  and requiring plaintiff to pay the full filing fee, within thirty days.  The plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice.  Instead of paying the filing fee, the plaintiff filed a letter response saying that the fee should have been taken from his account and paid to the court.

On August 29, 2007, the court entered an order directing  the plaintiff to show case why this case should not be dismissed for his failure to pay the filing fee.  In addition, the order directed the plaintiff to pay the fee by September 10, 2007 or this action would be dismissed without further notice to the plaintiff. This court previously found that the plaintiff had sufficient funds to pay the court costs and since the plaintiff has failed to pay the filing fee, he has failed to comply with two orders and this case will be dismissed.

The Court has the authority to dismiss an action for plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action <u>sua sponte</u>. See <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough</u>

v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 12th day of September, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE